UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

JAMES R. KILGORE,

    Petitioner,

v().                                                No.:    3:06-cv-256
                                                           (VARLAN/SHIRLEY)

KENTUCKY STATE WARDEN,

    Respondent.

**MEMORANDUM AND ORDER**

This is a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated below, the Attorney General shall not be required to file an answer or other pleading to the petition and the petition is **DISMISSED**.

Petitioner is confined in the Northeastern Correctional Complex in Mountain City, Tennessee. He challenges a conviction out of the Circuit Court for McCreary County, Kentucky, based upon an alleged violation of the Interstate Agreement on Detainers (IAD). According to petitioner, while in the custody of the State of Tennessee, he was picked up by the Kentucky authorities, and brought to trial there, more than eight months after filing an IAD request for a speedy trial.

The State of Tennessee has adopted the IAD. *See* TENN. CODE ANN. § 40-31-101. In relevant part, the IAD provides:

> Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, the person shall be brought to trial within one hundred eighty (180) days after having caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of the person's imprisonment and request for a final disposition to be made of the indictment, information or complaint; provided, that for good cause shown in open court, the prisoner or the prisoner's counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance.

*Id.*, Article III, section (a). The IAD also provides that "trial shall be commenced within one hundred twenty (120) days of the arrival of the prisoner in the receiving state," *id.*, Article IV, section (c), and that "[i]f trial is not had on any indictment, information or complaint contemplated hereby prior to the prisoner's being returned to the original place of imprisonment, such indictment, information or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice." *Id.*, Article III, section (d).

In *Grizzell v. Tennessee*, 601 F. Supp. 230 (M.D. Tenn.), *appeal dismissed*, 746 F.2d 1476 (6th Cir. 1984), the district court held that "[t]he rights created by [the Interstate Agreement on Detainers] 'are statutory, not fundamental, constitutional, or jurisdictional in nature.'" *Id.* at 231 (quoting *Greathouse v. United States*, 655 F.2d 1032, 1034 (10th Cir. 1981)). The United States Court of Appeals for the Sixth Circuit has repeatedly held that a violation of the Interstate Agreement on Detainers is not a basis for federal habeas corpus relief under § 2254. *See, e.g., Browning v. Foltz*, 837 F.2d 276, 283 (6th Cir. 1988); *Metheny*

*v. Hamby*, 835 F.2d 672, 674 (1987). Accordingly, this court lacks jurisdiction to grant petitioner the relief he seeks based upon the IAD.

Because it plainly appears from the face of the petition and the annexed exhibits that petitioner is not entitled to any habeas corpus relief in this court, the petition for the writ of habeas corpus is **DISMISSED**. Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts. The Clerk is DIRECTED to notify the petitioner of this Order and to close this file. A certificate of appealability **SHALL NOT ISSUE** in this action. 28 U.S.C. § 2253(c).

In addition to the above, this court has carefully reviewed this case pursuant to 28 U.S.C. § 1915(a) and hereby **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this court hereby **DENIES** the petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**E N T E R :**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE